IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First National Bank,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CHARLES K. WERK,**<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:22-mc-00007-TES** |

**ORDER**

This case arises out of a judgment originally entered on March 26, 2013, in the United States District Court for the District of South Carolina and registered in the United States District Court for the Middle District of Georgia on December 13, 2022. [Doc. 1-2, p. 6], *see also* Registration of Foreign Judgment, *Fed. Deposit Ins. Co. v. Werk*, No. 5:22-mc-00007-TES (M.D. Ga. Dec. 13, 2022), ECF No. 1.

On August 28, 2023, Defendant Charles K. Werk appeared before the Court "to show cause why the judgment registered and domesticated in this action on December 13, 2022, should not be revived as provided in O.C.G.A. § 9-12-61, *et seq*."[1] [Doc. 8, p. 1]. However, as explained below, the Petition for Issuance of Scire Facias to Revive

---

[1] The "Second Amended Writ of Scire Facias to Revive Dormant Judgment" [Doc. 8] set April 4, 2023, for Defendant Werks' appearance before the Court. However, that date was rescheduled for August 28, 2023.

Dormant Judgment [Doc. 2] is **DENIED as moot**.

Registration of the South Carolina judgment at issue in this case was unquestionably pursuant to 28 U.S.C. § 1963 which "provides that a judgment entered in a federal court may be registered in any other federal district by 'filing a certified copy of the judgment' in that district." *Fidelity Nat'l Fin., Inc. v. Friedman*, 935 F.3d 696, 698 (9th Cir. 2019). After registration, a judgment "is enforced by writ of execution under Federal Rule of Civil Procedure 69[,]" which "must accord with the procedure of the state where the court is located[.]" *ClearOne Commc'ns, Inc. v. Chiang*, No. MC 118-014, 2022 WL 17990277, at *1 (S.D. Ga. Dec. 29, 2022); Fed. R. Civ. P. 69(a)(1).

At this juncture, though, only the *registration* of the South Carolina judgment is of concern—not its *execution* in accordance with Georgia law. *See ClearOne*, 2022 WL 17990277, at *1. "Once the [South Carolina] judgment was registered in this Court, it became a new Georgia judgment." *Id.* at *2. Accordingly—by nature of its registration—the now-Georgia judgment has been an enforceable judgment since December 13, 2022, subject to the limitations provided by Georgia law. Again, as there is no dormant judgment to revive, the Petition for Issuance of Scire Facias to Revive Dormant Judgment [Doc. 2] is **DENIED as moot**.

**SO ORDERED**, this 28th day of August, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
