**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **THE CADLE COMPANY II, INC.,** successor to the Federal Deposit Insurance Corporation, as Receiver for First National Bank,<br><br>　　Plaintiff,<br><br>v.<br><br>**CHARLES K. WERK,**<br><br>　　Defendant. | **Civil Action File No.:**<br><br>**5:22-MC-00007-TES** |

**JOINT MOTION TO SET ASIDE COURT'S MARCH 19, 2025 ORDER ON PLAINTIFF'S MOTION TO COMPEL PINNACLE BANK TO RESPOND TO POST-JUDGMENT SUBPOENA (DOC. 31)**

COMES NOW Plaintiff The Cadle Company II, Inc. ("Plaintiff") and Third-Party Pinnacle Bank ("Pinnacle"), by and through their attorneys of record (hereinafter collectively referred to as "Movants"), and, pursuant to Fed. R. Civ. P. 60, file this Joint Motion to Set Aside Court's March 19, 2025 Order on Plaintiff's Motion to Compel Pinnacle Bank to Respond to Post-Judgment Subpoena (Doc. 31) (the "Joint Motion to Set Aside"), and states as follows:

60541873 v5

1.     On January 6, 2025, Plaintiff served Pinnacle with a subpoena requesting certain documents related to Defendant Charles Werk based on Mr. Werk's representation that he had banking accounts at the Bank of North Carolina.

2.     The "Bank of North Carolina" merged with Pinnacle in June of 2017. Nevertheless, Pinnacle promptly conducted a good faith search for records relating to Mr. Werk and determined it did not have any responsive records. Counsel for Plaintiff and Pinnacle remained in email communication throughout January 2025 regarding Plaintiff's subpoena.

3.     On January 30, 2025, Plaintiff served Pinnacle with a new subpoena (the "Second Subpoena"), this time requesting certain documents related to Mr. Werk's wife, Eva Werk, so that Plaintiff could determine what, if any, interests Mr. Werk may have in his wife's account.

4.     That day, Plaintiff's counsel and Pinnacle's in-house legal department discussed Pinnacle's concerns about producing documents that contained third-parties' private information. At the conclusion of the conversation, Pinnacle believed that Plaintiff's counsel would secure a confidentiality order, after which Pinnacle would produce the information requested in the Second Subpoena.

5. On February 3, 2025, Plaintiff's counsel sent Pinnacle's in-house legal department a proposed confidentiality agreement that was styled for both Plaintiff's and Pinnacle's signature.

6. That day, Pinnacle's in-house legal department informed Plaintiff's counsel that Pinnacle was generally fine with the substance of the confidentiality agreement, but that Pinnacle was uncomfortable signing the agreement since no one in its legal department was barred in Georgia. Pinnacle remained willing and able to produce records requested in the Second Subpoena upon entry of a confidentiality order from the Court. Pinnacle confirmed its understanding in a letter to Plaintiff's counsel on February 4, 2025.

7. On February 19, 2025, Plaintiff, concerned with its need to obtain the requested information expeditiously, filed a motion to compel the information requested in the Second Subpoena. (*See* Doc. No. 29). Plaintiff's motion acknowledged its willingness to agree to privacy protections but did not contain a proposed protective order.

8. Although Plaintiff deposited copies of its motion for delivery via U.S. First Class Mail, Plaintiff did not email a courtesy copy to Pinnacle. Pinnacle is aware of extraordinary delays in Georgia's mailing services for the past several months. As of the date of this motion, Pinnacle has not received the mailed copies

of the motion. Thus, Pinnacle was unaware of Plaintiff's motion until March 20, 2025, when Plaintiff emailed a copy of the Court's March 19, 2025 Order to Pinnacle's in-house legal department.

9. Pinnacle has since retained outside counsel that is barred in Georgia. Plaintiff and Pinnacle agree there was a mutual misunderstanding regarding their February 2025 communications.

10. Pursuant to Fed. R. Civ. P. 60(b), the Court may relieve a party from an order where there is mistake or for any other reason that justifies relief.

11. Plaintiff and Pinnacle have since renewed their discussions and have agreed to a proposed confidentiality order that will be filed contemporaneously with this motion. Plaintiff and Pinnacle have agreed that Pinnacle will produce responsive documents within its possession, custody, and control within 10 business days of the Court's entry of the forthcoming protective order.

WHEREFORE, for the foregoing reasons, the parties jointly move the Court to set aside its March 19, 2025 Order (Doc. 31).

Respectfully submitted this 11th day of April, 2025

/s/ *Leesa M. Guarnotta*
Leesa M. Guarnotta
Georgia Bar No. 342984
Lguarnotta@burr.com

*Attorney for Third-Party Pinnacle Bank*

**BURR & FORMAN LLP**
1075 Peachtree Street NE, Suite 3000
Atlanta, GA 30309
Telephone: (404) 815-3000
Fax: (404) 817-3244

<u>/s/ Tyler W. Henderson</u>
*(by LMG with express permission)*
Tyler W. Henderson
Georgia Bar No. 854853
tyler@stantonlawllc.com

*Attorney for Plaintiff The Cadle Company II, Inc.*

**STANTON LAW, LLC**
410 Plasters Ave NE, Ste 200
Atlanta, GA 30324
Telephone: (404) 881-1288

60541873 v5

5

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an email notification of such filing to all counsel of record. I have also served the following non-party via U.S. First Class Mail:

> Eva D. Werk
> 1036 Governors Road
> Mount Pleasant, SC 29464

Respectfully submitted, this 11th day of April, 2025.

> */s/ Leesa M. Guarnotta*
> Leesa M. Guarnotta